CONSOLIDATED TEXTILE CORPORATION, ELLA DIVISION, v.
M. L. PATTERSON ET AL.

(Filed 21 December, 1932.)

APPEAL by plaintiff from *Schenck, J.,* at July Term, 1932, of CLEVELAND. No error.

The plaintiff operated a cotton mill at Shelby, in which the defendant Patterson was employed as overseer of spinning. It is alleged in the

complaint that Patterson fraudulently issued invoices of cotton and caused fraudulent sales thereof to be made to the plaintiff by Jim Camp and Griff Borders, who paid the proceeds to him less the amount agreed on as their compensation, and that Patterson deposited the funds in the United States Postal Savings Depository at Shelby. Patterson filed an answer and at the trial the jury returned the following verdict:

1. Did the defendant M. L. Patterson, by false and fraudulent representations and tokens obtain funds from the plaintiff, Consolidated Textile Corporation, as alleged in the complaint? Answer: Yes.

2. If so, in what amount, if any, is the defendant M. L. Patterson indebted to the plaintiff, Consolidated Textile Corporation, by reason of funds so fraudulently obtained? Answer: $973.75.

3. Are the funds deposited in the United States Postal Savings depository in Shelby, N. C., by the defendant M. L. Patterson the proceeds of the funds fraudulently obtained by him from the plaintiff, Consolidated Textile Corporation? Answer: No.

Judgment was given for the plaintiff in accordance with the verdict and upon exceptions entered of record the plaintiff appealed.

*B. T. Falls for plaintiff.*
*D. Z. Newton and Weathers & Kennedy for defendant Patterson.*

PER CURIAM. The first two exceptions were taken to the rejection of evidence and the third, fourth, and fifth to the admission of proof that the defendant had in his possession $800 or $900 in 1917 and $2,340 in August, 1930. These exceptions present no satisfactory cause for a new trial; and so as to the sixth.

Exceptions 7, 8, 9, relate to the charge on the second and third issues, but in these instructions we find no error. As stated by the court the burden of these issues was on the plaintiff and was not necessarily affected by the principle applicable to property recently stolen. That Campbell deposited the money he received from Camp and Borders in the Postal Savings Account is not a necessary or presumptive deduction from his recent receipt of it.

We find no error upon the merits without passing on the question whether the appeal should be dismissed for the reason that the appellant elected to abide by the judgment and issued execution against the person as well as against the property of the defendant, and caused him to be imprisoned. If the plaintiff received no benefit the defendant at least suffered personal detriment.

No error.